No. 23-2924

---

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

---

Aldric Crawford o/b/o K.C., a minor child, et al.,

*Plaintiff-Appellant*

AND

*Foundation Academy Charter School*
*Defendant-Co-Appellant*

v.

TRENTON PUBLIC SCHOOL DISTRICT
BOARD OF EDUCATION,

*Defendant-Appellee*

---

**Appeal from the United States District Court**
**For the District of New Jersey**
Case No. 3:23-cv-20295-MAS-DEA
The Honorable Judge Castner

---

**REPLY BRIEF OF APPELLANT**

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES ................................................................... iii

ARGUMENT .................................................................................... 1

I. The Board has not Demonstrated that it is not Required to Exhaust its Administrative Remedies ........................................................... 1

II. K.C.'s Current Educational Placement was at Honor Ridge Academy, not Foundations Charter School ........................................................ 5

CONCLUSION ................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Consumers Union of U.S., Inc. v. Cost of Living Council*,
491 F.2d 1396 (Temp. Emer. Ct. App. 1974), *cert. den'd sub nom. The Business Roundtable v. Consumers Union of U.S., Inc.,* 416 U.S. 984 (1974) ....................2

*D.M. v. N.J. Dep't of Educ*.,
801 F.3d 205 (3d Cir. 2014) ....................1

*D.M. v. N.J. Dep't of Education*,
801 F.3d 205 (3d Cir. 2015) ....................6

*D.S. v. Bayonne Bd. of Education*,
602 F.3d 553 (3d Cir. 2010) ....................3

*Florence County School District Four v. Carter*,
510 U.S. 7, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993) ....................4

*Liberty Lincoln-Mercury, Inc. v. Ford Motor Co*.,
562 F.3d 553 (3d Cir. 2009) ....................4

*Schaffer v. Weast*,
546 U.S. 49 (2005) ....................6

*Susquenita School Dist. v. Raelee S*.,
96 F.3d 78 (3d Cir. 1996) ....................4

**Rules**

Fed. R. App. P. 28(c), ....................1

Pursuant to Fed. R. App. P. 28(c), Defendant A.C. o/b/o his son K.C. ("Parent") hereby files this brief in reply to the Brief submitted by Plaintiff Trenton School District Board of Education ("Board").

The factual and procedural backgrounds of this matter have been addressed adequately in the prior submissions to this Court; accordingly, this Reply Brief is addressed solely to arguments raised by the Board in its Brief.

## ARGUMENT

### I. The Board has not Demonstrated that it is not Required to Exhaust its Administrative Remedies

As the Board correctly acknowledges in its brief, as a general rule, a federal court may not exercise subject-matter jurisdiction over a dispute brought under the IDEA unless state administrative remedies have been exhausted. *D.M. v. N.J. Dep't of Educ*., 801 F.3d 205, 212 (3d Cir. 2014). The Board is incorrect, however, when it attempts to argue that exhaustion is not required in the instant case.

First, it should be noted that the Board's argument that it is not required to exhaust its administrative remedies because "the administrative process would be unable to grant relief as to [the Board's] challenge to ALJ Buono's August 9, 2023 stay-put order" (Brief of Board p. 16) contradicts the allegation in its Verified Complaint that stated that the Board has exhausted its administrative remedies even though it is not required to do so. (*See* A-86). If it had already exhausted its

administrative remedies, then it is inaccurate to say that there was no relief available to it in the administrative process. The question of whether administrative remedies have in fact been exhausted, which seems to be a question in dispute, is a question of fact.

Second, while it is a general principle of administrative law that exhaustion is not required when the disputed issues are purely legal issues, the converse of that principle – that exhaustion is required if there are disputed issues of fact - is equally true. *See, e.g., Consumers Union of U.S., Inc. v. Cost of Living Council,* 491 F.2d 1396 (Temp. Emer. Ct. App. 1974), *cert. den'd sub nom. The Business Roundtable v. Consumers Union of U.S., Inc.,* 416 U.S. 984 (1974). Exhaustion in cases involving factual disputes is mandated for three reasons:

> After the administrative proceedings, the issues in dispute will be better framed and thus more susceptible of judicial determination;
>
> Exhaustion insures that the agency is given an opportunity to apply its particular administrative expertise to the question being reviewed; and
>
> If, through the administrative review process, the agency is made aware of the faults of its policies, it may change them on its own volition, thus removing the need for judicial review or making moot a pending judicial proceeding.

*Consumers Union of U.S., Inc. v. Cost of Living Council*, 491 F.2d at 1399.

The instant case does not involve a purely legal dispute. The dispute here is largely, if not entirely, a factual dispute regarding the school in which Parent's son K.C. was enrolled, and when was he enrolled there. As the record shows, K.C., during the period of dispute, was not enrolled in the Board's schools, but was enrolled via an IEP at Honor Ridge after his prior placement, Foundation, concluded that it was unable to provide him with the services that he needed. Unless K.C. was to be compelled to attend a school that acknowledged that it couldn't meet his needs, the only placement that was operative was the one that called for him to attend Honor Ridge (the record is devoid of any evidence that the Board was able or willing to offer him a placement in one of its schools). The Board disputes the conclusion that Honor Ridge was K.C.'s placement based on its interpretation of the facts of the case. This factual dispute makes it obvious that exhaustion of remedies is required.

Indeed, a significant issue identified by the Board emphasizes the underlying factual nature of the inquiry. It is well-established that the issue of whether a particular IEP is appropriate is a question of fact. *D.S. v. Bayonne Bd. of Education*, 602 F.3d 553, 564 (3d Cir. 2010). The question of whether Foundation Academy Charter School is in fact offering K.C. "a program of FAPE for the student in the least restrictive environment in which the student's IEP can be implemented" (Brief of Board, p. 27) would seem to be a quintessential question of fact. Is K.C. being provided with a FAPE in the least restrictive environment when he is compelled to

attend Foundation? Is Foundation the least restrictive environment, and can K.C.'s IEP in fact be implemented there? These are not "questions of law;" they are questions of fact.

Finally, the Board argues that the likelihood that it will suffer "irreparable harm" if K.C. is allowed to continue at Honor Ridge. What is this harm? It will be required to expend funds. The Third Circuit has long held that "an injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co*., 562 F.3d 553, 557 (3d Cir. 2009). The Board insists that its harm would be irreparable because the Board "would not be able to recoup those funds" that were later found to be paid erroneously. The Board's legal authority for this argument is *Susquenita School Dist. v. Raelee S*., 96 F.3d 78 (3d Cir. 1996). While the Court did make reference to that rule in its opinion, by referring to a finding to that effect by the District Court, the Court nonetheless did not find that such a situation created a likelihood of irreparable harm. The Court affirmed the Order of the District Court which allowed the parents to obtain reimbursement for the private placement of their daughter, despite the "financial burden which will, in some instances, be borne by local school districts." 96 F.3d at 87.

In *Raelee S, id.,* the Third Circuit

> adopt[ed] the Supreme Court's statement in *Florence County School District Four v. Carter*, 510 U.S. 7, 15, 114 S.Ct. 361, 366, 126 L.Ed.2d 284 (1993):

> There is no doubt that Congress has imposed a significant financial burden on the States and school districts that participate in IDEA.
>
> Yet public educational authorities who want to avoid reimbursing parents for the private education of a disabled child can do one of two things: give the child a free appropriate public education in a public setting, or place the child in an appropriate private setting of the State's choice. This is IDEA's mandate, and school officials who conform to it need not worry about reimbursement claims.

## II. K.C.'s Current Educational Placement was at Honor Ridge Academy, not Foundations Charter School

In its Brief, the Board mischaracterizes a significant matter. The Board refers to the January 30, 2023 IEP as "K.C.'s most current IEP," while dismissing the June of 2023 IEP for K.C. that called for his placement at Honor Ridge Academy IEP and that was developed with the apparent acquiescence of the Board as a "proposed" IEP (Brief of Board p. 28). The Board's dismissive language ignores an important fact: Foundation Charter School concluded, based on its experience with K.C., that the January 30, 2023 IEP was not providing K.C. with FAPE, and that Foundation was unable to help him any more than it already had. While the Board appears to regard Foundation's conclusion in this regard with some suspicion, the Board has advanced no argument (apart from some vague comments to the effect that the conclusion might be self-serving) as to why it might be incorrect.

The Board offers K.C. nothing, but argues instead that K.C. should be required to stay at Foundation, a school that is not able to provide him with services, during

the pendency of this litigation. It is not clear why this would be an acceptable alternative. Foundation has made it abundantly clear that it cannot provide K.C. with the services that he needs. While this inability may or may not be a failure to meet its statutory obligations is a matter for another day, and is also irrelevant to the matter at hand. Whatever Foundation may be doing wrong is no reason to penalize K.C. He is a child in need of educational services. The failure, if any, is the failure of the agencies overseeing special education in New Jersey. The "proper regulation of private schools to which local public-school districts will send students with disabilities" is, under the IDEA, the responsibility of the New Jersey Department of Education. *D.M. v. N.J. Dep't of Education*, 801 F.3d 205, 213-14 (3d Cir. 2015).

The Board cites language in the case of *Schaffer v. Weast*, 546 U.S. 49, 59-60 (2005) that states that "Congress could have required that a child be given the educational placement that a parent requested during a dispute, but it did no such thing." The Board neglects to quote the next sentence in that opinion, which states that "Congress appears to have presumed instead that, if the Act's procedural requirements are respected, parents will prevail when they have legitimate grievances." *Id*. K.C.'s parents have heard from Foundation that the school is unable to educate their son. That would seem to fall handily within the category of "legitimate grievances."

## CONCLUSION

The Board has not raised any arguments to show that the decision below should be afformed. Accordingly, the holding should be reversed and the cause remanded.

Respectfully submitted this the **4th** day of **January, 2024**.

/s/Michael I. Inzelbuch, Esquire

**Michael I. Inzelbuch, Esq.**
Attorney for Plaintiffs
1340 West County Line Road
Lakewood, New Jersey 08701
Phone: (732) 905-0325
Fax: (732) 886-0806
E-Mail: michael@inzelbuchlaw.com
I.D. No.: 5635
**ATTORNEY FOR DEFENDANT-APPELLANT**